**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **GARY ROSS** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:19-CV-03577** |
| | § | |
| **STARNET INSURANCE COMPANY** | § | |

---

**DEFENDANT STARNET INSURANCE COMPANY'S**
**FIRST AMENDED ORIGINAL ANSWER**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, StarNet Insurance Company ("StarNet"), the defendant in the above entitled and numbered cause, and timely files this its first amended original answer to the plaintiff's original petition on file herein pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, and respectfully shows unto this Honorable Court as follows:

**I.**

1.      The introductory paragraph of the plaintiff's original petition does not contain any allegations for which a response is necessary.

2.      The paragraph entitled "Discovery Control Plan" of the plaintiff's original petition does not contain any allegations for which a response is necessary. StarNet asserts that discovery is proper under the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Texas, and the orders of this Court.

3.      Upon information and belief, StarNet admits that the plaintiff is the owner of the property located at 6714 Newman Road, Brookshire, Texas 77423 as alleged in paragraph no. 1 of the plaintiff's petition.

4.      StarNet is a Delaware corporation with its principal place of business in the State of Iowa and is admitted and authorized to sell insurance in the State of Texas as alleged in paragraph no. 2 of the plaintiff's original petition.

5.      StarNet admits that the United States District Court for the Southern District of Texas, Houston Division, has subject matter jurisdiction of this lawsuit as alleged in paragraph no. 3 of the plaintiff's original petition.  However, StarNet denies that the plaintiff is entitled to the relief requested in the plaintiff's original petition.

6.      StarNet admits venue is proper in the United States District Court for the Southern District of Texas, Houston Division, with respect to the parties and claims made the basis of this lawsuit as alleged in paragraph no. 4 of the plaintiff's original petition, but StarNet denies that the plaintiff is entitled to the relief requested in the plaintiff's petition.

7.      StarNet admits this Court has personal jurisdiction in the matter as alleged in paragraph no. 5 of the plaintiff's original petition.

8.      Upon information and belief, StarNet admits that the plaintiff is the owner of the property located at 6714 Newman Road, Brookshire, Texas 77423 as alleged in paragraph no. 6 of the plaintiff's petition.

9.      StarNet is without knowledge or information sufficient to admit or deny the allegations in paragraph no. 7 of the plaintiff's original petition, but StarNet denies the nature, scope, and extent of the damage alleged by the plaintiff and, specifically, the nature, scope, and extent of the damage alleged by the plaintiff that was caused by Hurricane Harvey for which insurance coverage may be available under the StarNet policy.  StarNet denies the remainder of the allegations in paragraph no. 7 of the plaintiff's

original petition and further denies that the plaintiff is entitled to the relief requested in the plaintiff's original petition.

10.     StarNet admits that it issued a farm property insurance policy to the plaintiff, policy no. QFO 4138416 - 10, with effective dates from February 17, 2017 to February 17, 2018 ("the StarNet policy"),  as alleged in paragraph no. 8 of the plaintiff's petition, which policy of insurance is subject to certain terms, condition, definitions, and exclusions and which policy speaks for itself.

11.     Upon information and belief, StarNet admits that the plaintiff paid premiums for the StarNet policy as alleged in paragraph no. 9 of the plaintiff's petition.

12.     StarNet denies the allegations in paragraph no. 10 of plaintiff's original petition, and would show that the StarNet policy is subject to certain terms, conditions, definitions, and exclusions neither quoted, cited, nor referenced in paragraph no. 10 of the plaintiff's original petition and that the StarNet policy speaks for itself. StarNet further denies the nature, scope, and extent of the damage alleged by the plaintiff and, specifically, the nature, scope, and extent of the damage alleged by the plaintiff that was caused by Hurricane Harvey for which insurance coverage may be available under the StarNet policy.

13.     StarNet is without knowledge or information sufficient to admit or deny the allegations as alleged in paragraph no. 11 of plaintiff's original petition. To the extent a response is necessary, and in an abundance of procedural caution, StarNet denies the allegations in paragraph no. 11 of the plaintiff's original petition.

14.     StarNet admits that the plaintiff submitted a claim to StarNet as alleged in paragraph no. 12 of the plaintiff's petition, but StarNet denies the nature, scope, and

extent of the damage alleged by the plaintiff and, specifically, the nature, scope, and extent of the damage alleged by the plaintiff that was caused by Hurricane Harvey for which insurance coverage which may be available under the StarNet policy.

15.     StarNet admits that an adjuster was assigned to investigate and adjust the loss as alleged in paragraph no. 13 of the plaintiff's original petition.

16.     StarNet admits that an adjuster visited the property, but StarNet denies the remaining allegations in paragraph no. 14 of the plaintiff's original petition.

17.     StarNet admits that an adjuster prepared a damage estimate, but StarNet denies the remaining allegations in paragraph no. 15 of the plaintiff's original petition.

18.     StarNet denies the allegations in paragraph no. 16 of the plaintiff's original petition.

19.     StarNet denies the allegations in paragraph no. 17 of the plaintiff's original petition.

20.     StarNet admits that plaintiff submitted a damage assessment to StarNet seeking payment of the damaged property per plaintiff's allegations in paragraph no. 18 of the plaintiff's original petition, but StarNet denies the nature, scope, and extent of the damage alleged by the plaintiff and, specifically, the nature, scope, and extent of the damage alleged by the plaintiff that was caused by Hurricane Harvey for which insurance coverage which may be available under the StarNet policy.

21.     StarNet is without knowledge or information sufficient to admit or deny the allegations as alleged in paragraph no. 19 of plaintiff's original petition regarding the "firsthand inspection" by the plaintiff's experts. StarNet admits that someone speaking on behalf of the plaintiff has opined that windstorm damage as a result of Hurricane Harvey

greatly exceeded the amount and scope of the defendant's adjustment, but StarNet denies the nature, scope, and extent of the damage alleged by the plaintiff and, specifically, the nature, scope, and extent of the damage alleged by the plaintiff that was caused by Hurricane Harvey for which insurance coverage which may be available under the StarNet policy.

22.     StarNet admits that it did not issue payment based on damage assessment of the plaintiff's purported expert as alleged in paragraph no. 20 of the plaintiff's original petition, but StarNet denies the remaining allegations in paragraph no. 20 of the plaintiff's original petition, StarNet denies the nature, scope, and extent of the damage alleged by the plaintiff, and StarNet denies the nature, scope, and extent of the damage alleged by the plaintiff that was caused by Hurricane Harvey for which insurance coverage which may be available under the StarNet policy.

23.     StarNet denies the allegations in paragraph no. 21 of the plaintiff's original petition.

24.     StarNet denies the allegations in paragraph no. 22 of the plaintiff's original petition.

25.     StarNet denies the allegations in paragraph no. 23 of the plaintiff's original petition.

26.     StarNet denies the allegations in paragraph no. 24 of the plaintiff's original petition.

27.     StarNet denies the allegations in paragraph no. 25 of the plaintiff's original petition.

28.    StarNet denies the allegations in paragraph no. 26 of the plaintiff's original petition.

29.    StarNet admits that the plaintiff has filed suit in this matter as alleged in paragraph no. 27 of the plaintiff's original petition, but StarNet denies the remaining allegations in paragraph no. 27 of the plaintiff's original petition and denies the plaintiff is entitled to the relief requested in the plaintiff's original petition.

30.    StarNet hereby repeats and incorporates by reference each of the responses in the preceding paragraphs of this answer as if set forth fully herein per paragraph no. 28 of the plaintiff's original petition.

31.    StarNet admits that the plaintiff and StarNet entered into a contract for insurance as alleged in paragraph no. 29 of the plaintiff's original petition.

32.    Upon information and belief, StarNet admits the allegations in paragraph no. 30 of the plaintiff's original petition.

33.    StarNet denies the allegations in paragraph no. 31 of the plaintiff's original petition.

34.    StarNet denies the allegations in paragraph no. 32 of the plaintiff's original petition.

35.    StarNet denies the allegations in paragraph no. 33 of the plaintiff's original petition.

36.    Plaintiff's original petition does not contain a paragraph no. 34.

37.    StarNet hereby repeats and incorporates by reference each of the responses in the preceding paragraphs of this answer as if set forth fully herein per paragraph no. 35 of the plaintiff's original petition.

38.     StarNet denies the allegations in paragraph no. 36 of the plaintiff's original petition.

39.     StarNet denies the allegations in paragraph no. 37 of the plaintiff's original petition.

40.     StarNet denies the allegations in paragraph no. 38 of the plaintiff's original petition.

41.     StarNet denies the allegations in paragraph no. 39 of the plaintiff's original petition.

42.     StarNet denies the allegations in paragraph no. 40 of the plaintiff's original petition.

43.     StarNet denies the allegations in paragraph no. 41 of the plaintiff's original petition.

44.     StarNet hereby repeats and incorporates by reference each of the responses in the preceding paragraphs of this answer as if set forth fully herein per paragraph no. 42 of the plaintiff's original petition.

45.     StarNet denies the allegations in paragraph no. 43 of the plaintiff's original petition.

46.     StarNet denies the allegations in paragraph no. 44 of the plaintiff's original petition.

47.     StarNet denies the allegations in paragraph no. 45 of the plaintiff's original petition.

48.     StarNet denies the allegations in paragraph no. 46 of the plaintiff's original petition.

49.     StarNet hereby repeats and incorporates by reference each of the responses in the preceding paragraphs of this answer as if set forth fully herein per paragraph no. 47 of the plaintiff's original petition.

50.     StarNet admits the insurance policy herein is a contract that existed between the plaintiff and StarNet but would show that the StarNet policy is subject to certain terms, conditions, definitions, and exclusions neither quoted, cited, nor referenced in paragraph no. 48 of the plaintiff's original petition and that the StarNet policy speaks for itself. StarNet further denies the nature, scope, and extent of the damage alleged by the plaintiff and, specifically, the nature, scope, and extent of the damage alleged by the plaintiff that was caused by Hurricane Harvey for which insurance coverage may be available under the StarNet policy.

51.     StarNet admits that it is a party to the insurance contract between itself and plaintiff. It further admits that it owes a duty of good faith and fair dealing as alleged in paragraph no. 49 of the plaintiff's original petition. StarNet, however denies the nature, scope, and extent of the damage alleged by the plaintiff and, specifically, the nature, scope, and extent of the damage alleged by the plaintiff that was caused by Hurricane Harvey for which insurance coverage may be available under the StarNet policy.

52.     StarNet denies the allegations in paragraph no. 50 of the plaintiff's original petition.

53.     StarNet denies the allegations in paragraph no. 51 of the plaintiff's original petition.

54.     StarNet denies the allegations in paragraph no. 52 of the plaintiff's original petition.

55.     StarNet denies the allegations in paragraph no. 53 of the plaintiff's original petition.

56.     StarNet hereby repeats and incorporates by reference each of the responses in the preceding paragraphs of this answer as if set forth fully herein per paragraph no. 54 of the plaintiff's original petition.

57.     StarNet denies the allegations in paragraph no. 55 of the plaintiff's original petition.

58.     StarNet denies the allegations in paragraph no. 56 of the plaintiff's original petition.

59.     StarNet denies the allegations in paragraph no. 57 of the plaintiff's original petition.

60.     StarNet denies the allegations in paragraph no. 58 of the plaintiff's original petition.

61.     StarNet denies the allegations in paragraph no. 59 of the plaintiff's original petition.

62.     StarNet denies the allegations in paragraph no. 60 of the plaintiff's original petition.

63.     StarNet denies the allegations in paragraph no. 61 of the plaintiff's original petition and further denies that the plaintiff is entitled to the relief requested in the plaintiff's original petition.

64.     StarNet denies the allegations in paragraph no. 62 of the plaintiff's original petition and further denies that the plaintiff is entitled to the relief requested in the plaintiff's original petition.

65.     StarNet denies the allegations in paragraph no. 63 of the plaintiff's original petition and further denies that the plaintiff is entitled to the relief requested in the plaintiff's original petition.

66.     StarNet admits that the plaintiff seeks monetary relief aggregating more than $200,000 but not more than $1,000,000 as stated in paragraph no. 64 of the plaintiff's original petition, but StarNet denies that the plaintiff is entitled to the relief requested in the plaintiff's original petition.

67.     Paragraph no. 65 (Request for Disclosure) of the plaintiff's petition does not contain any allegations for which a response is necessary.

68.     StarNet denies the allegations in the "prayer for relief" section of the plaintiff's original petition and further denies that the plaintiff is entitled to the relief requested in the plaintiff's original petition.

69.     Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, StarNet denies all allegations in the plaintiff's original petition that are not specifically admitted herein.

## II.

StarNet hereby asserts the following affirmative defenses and other defenses to the claims and allegations set forth in the plaintiff's original petition.

70.     The plaintiff's causes of action are barred, either in whole or in part, because the plaintiff has failed to state a claim upon which relief can be granted.

71.     StarNet admits it issued the StarNet policy, which policy contains or incorporates certain exclusions and provisions or endorsements that preclude or limit coverage, in whole or in part, and the StarNet policy speaks for itself.

72.     To the extent the plaintiff has failed to comply with the applicable statutory notice requirements, the plaintiff is precluded from recovering attorneys' fees and expenses in this matter.

73.     The plaintiff may be barred from any recovery from StarNet, in whole or in part, due to the plaintiff's failure to mitigate his damages.

74.     StarNet expressly reserves all other rights and defenses under the StarNet policy and applicable law. StarNet further reserves the right to amend its answer to assert any additional defenses or any other applicable terms, provisions, exclusions, limitations, or conditions of the StarNet policy that may become apparent during StarNet's ongoing investigation and discovery.

## **CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, the defendant, StarNet Insurance Company, moves and prays the Court that upon trial hereof, the plaintiff recover nothing, that the defendant go hence with its costs, and for such other and further relief to which the defendant may show itself justly entitled to receive.

[SIGNATURE PAGE TO FOLLOW]

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
Southern District Bar No. 33280
gcw@obt.com
Nadia I. Gire
State Bar No. 24076852
Southern District Bar No. 2433911
ngire@obt.com

ATTORNEYS FOR DEFENDANT,
STARNET INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I do hereby certify that on the 11th day of October, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of such filing to all counsel of record.

/s/ Greg C. Wilkins
Greg C. Wilkins

12